1
2
3
4
5
6

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

7
8

Attorneys for Plaintiff,
GRETTA MARSHALL

9
10
11
12

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

13

GRETTA MARSHALL,

14

Plaintiff,

15

vs.

16

17

THE CBE GROUP, INC. D/B/A CBE
GROUP,

18

19

Defendants.

Case No.: **2:16-cv-02406-GMN-NJK**

**PLAINTIFF'S MOTION TO COMPEL
DISCOVERY FROM THE CBE GROUP,
INC. AND REQUEST FOR SANCTIONS**

**AND**

**REQUEST FOR AN EXTENSION OF
CURRENT DISCOVERY DEADLINES**

20
21
22
23
24
25
26
27
28

COMES NOW Plaintiff, Gretta Marshall (the "Plaintiff"), by and through her

attorneys Haines & Krieger, LLC, and files the following Plaintiff's Motion to

Compel Discovery from The CBE Group, Inc. ("CBE") and Request For Sanctions

and Request For An Extension of Current Discovery Deadlines (the "Motion")

pursuant to Fed R. Civ. P. 37.

1
2          This Motion is based on the Memorandum of Points and Authorities filed
3
   herein.
4
5  Dated: April 1, 2017                              Respectfully submitted,
6                                          BY: /s/ DAVID KRIEGER
7                                              DAVID KRIEGER, ESQ.
                                               HAINES & KRIEGER, LLC
8                                              ATTORNEYS FOR PLAINTIFF
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND  AUTHORITIES**

## I.    SUMMARY

Despite Plaintiff's numerous efforts to confer with CBE, CBE continues 1) failing to provide responses to numerous interrogatories, which are reasonably tailored to this litigation and well within the 25 interrogatories allowed under the Federal Rules of Civil Procedure (FRCP) Rule 33 and 2) withholding case critical documents which the Plaintiff knows exist based on other matters argued by CBE in other jurisdictions.

Plaintiff attempted on several occasions to address CBE's failings to comply with the discovery rules, however, to no avail.[1] Indeed, the Plaintiff emailed CBE's Counsel, Mr. Kurt Bonds on March 21, 2017, March 22, 2017 (twice), March 24, 2017 and March 29, 2017 requesting the parties conduct an LR 26-7 "meet and confer" ("M&C") conference, initially, by March 24, 2017.  The Plaintiff provided CBE one final chance on March 29, 2017 to respond to its M&C request. CBE did not respond and instead on March 30, 2017 to Plaintiff to file this Motion.

As CBE failed to comply with the Plaintiff's valid discovery requests, or even come to the table to hold an M&C, this motion lamentably results.

Plaintiff asks the Court compel CBE to provide Plaintiff with relief pursuant to Rule 26-7(c).  In addition to granting this Motion, Plaintiff seeks attorney's fees and costs pursuant to FRCP 37(a)(5)(A) incurred in bringing this Motion and

---

[1] See Declaration of David Krieger, Esq. ("Krieger Decl."), attached hereto as **Exhibit "1".**

further requests any measure of sanctions this Court may deem appropriate.

CBE's discovery shenanigans has eaten into Plaintiff's discovery time. Therefore, the Plaintiff also *requests an extension of time* **to** 1) **complete discovery**, 2) **provide expert disclosures** and 3) **file dispositive motions**.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The instant matter was filed on October 16, 2016 alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Nevada Revised Statutes Chapter 598.0918 ("NRS 598") and Nevada Revised Statutes Chapter 41.600 *et seq.* ("NRS 41.600") for Defendant's deceptive trade practices.[2]

On December 21, 2016, CBE answered the complaint[3] and the parties conducted an FRCP Rule 26(f) scheduling conference resulting in the Court entering a scheduling order on February 14, 2017.[4]   Discovery cut-off in this matter was set for June 9, 2017; the deadline to provide initial expert disclosures was set for April 20, 2017; and dispositive motions were set for July 19, 2017.  Id.

On February 14, 2017, Plaintiff's Counsel served on CBE  Interrogatories, Requests for Admissions and Production of Documents (the "Discovery

---

[2] ECF No. 1.
[3] ECF No. 5.
[4] ECF No. 10.

4

Demands").[5]

Plaintiff received CBE's initial disclosures on or about February 28, 2017 ("CBE's Disclosures").[6]  CBE's Disclosures included several documents identified as Bates **CBE0001 through CBE00089**.[7]  CBE's Disclosures were in "static" format; that is, the provided documents were not "produced on CD-ROM in Portable Document Format ("PDF") with optical text recognition (electronically searchable text) as reasonably practicable," as required by the Court's scheduling order in this matter.[8]

CBE's responses to Plaintiff's Interrogatories, Requests for Admissions and Production of Documents were initially due on March 16, 2017.  However, on March 13, 2017, CBE's counsel, Mr. Kurt Bonds ("Mr. Bonds") requested additional time to provide responses to the Discovery Demands.  Plaintiff agreed to grant CBE an extension to respond to the Discovery Demands by March 20, 2017.[9]

On March 20, 2017, the Plaintiff received CBE's Responses to the Discovery Demands (the "CBE Responses").[10]   However, the CBE Responses were inadequate and failed to provide complete (or indeed any) responses to numerous discoverable requests.  Plaintiff's counsel addressed the numerous deficiencies of

---

[5] Attached hereto as **Exhibit "2"** along with an email dated February 14, 2017 from David Krieger to Kurt Bonds.
[6] See Selection Portions of CBE's Initial Disclosures, attached as **Exhibit "3".**
[7] Id.
[8] See ECF No. 10, 4:6-21.
[9] See March 13, 2017 Emails between Krieger and Bonds, attached hereto as **Exhibit "4".**
[10] See CBE Responses, attached hereto as **Exhibit "5a" through "5c".**

CBE's Responses in an email on March 21, 2017 (the "Meet and Confer" or "M&C Email").[11]   Among other issues, the M&C Email requested that CBE:

1. Supplement its responses to Interrogatories 13-22, which were unanswered (the "Interrogatory Dispute");

2. Provide call logs included in CBE00026-00045 in an Excel spreadsheet and in their native form, so they are searchable (the "Call Log Dispute");

3. Produce CBE's dialer polices contained in its "Manual Clicker Application User Manual" (MCA) (the "MCA Dispute");

4. Produce all training materials, policies and procedures used in debt collection, which are responsive to Plaintiff's Production Request Nos. 2, 3, 6, 13, 14, 36, and 37 (the "Collection Manual Disputes"); and

5. Disclose and provide CBE's "Patent Application Publication" documents dated Nov. 14, 2013 filed as US 2013/0305162 A1 (the "Patent Dispute").[12]

On March 22, 2017, Mr. Bonds responded to the M&C Email stating "[w]e are relaying to client and will get back to you.  Will you agree to supplementation by the 29th?"[13]  Plaintiff's counsel, Mr. Krieger, agreed that CBE could provide supplementation by March 29, 2017 if CBE agreed that LR 26-7 was satisfied for the purposes of bringing the instant motion.[14]

On March 24, 2017, having no response from Mr. Bonds nor receiving any

---

[11] See March 21, 2017 Email from Krieger to Bonds, attached hereto as **Exhibit "6".**

[12] As a consequence of CBE's refusal the provide patents for the MCA dialing systems the Plaintiff was able to locate and obtain CBE's Patent Applications for the MCA dialing system from the U.S. Patent website and therefore withdraws this demand.

[13] See March 22, 2017 Email from Bonds to Krieger, attached hereto as **Exhibit "7"**.

[14] See March 22, 2017 Email from Krieger to Bonds, attached hereto as **Exhibit "8"**.

of the disputed production and/or answers, Mr. Krieger emailed Mr. Bonds that he was concerned by CBE's lack of response to which Mr. Bonds replied "[t]he time frame is agreeable" (although it was unclear to which time frame Mr. Bonds was referring).[15]

On March 29, 2017, having received no response from CBE regarding the discovery deficiencies outlined in the M&C Email, Mr. Krieger again emailed Ms. Bonds advising that, since 1) CBE provided no response to the M&C Email and 2) CBE has not answered the Plaintiff's request to schedule a formal M&C as contemplated under LR 26-7.[16]

Reinforcing CBE's refusal to engage in the discovery process, on March 30, 2017, CBE's counsel advised (through email and mail correspondence) that it refused to provide or amend any of the requested information and/or demands set forth in the M&C email.  Indeed, CBE stated that it was "confident in standing by [CBE's] objections…[and] fully prepared to defend [its] objections in Court regarding a Motion to Compel."[17]

This motion results.

---

[15] See March 24, 2017 Email Exchange between Krieger and Bonds, attached hereto as **Exhibit "9"**.

[16] See March 29, 2017, Email from Krieger to Bonds, attached hereto as **Exhibit "10"**.

[17] See March 30, 2017, Letter from CBE (the "Refusal Letter"), attached hereto as **Exhibit "11"** and Krieger Email in response to Refusal Letter dated March 30, 2017, attached hereto as **Exhibit "12"**.   7

## III.   ARGUMENT

### 1.  The Interrogatory Dispute: CBE Should be Compelled to Supplement Interrogatories 13-22

CBE has failed to respond to Plaintiff's interrogatories claiming (among other objections) in each Answer to interrogatories 13-22 that CBE objects to each of these requests as exceeding the number of written interrogatories, including discrete subparts.[18]  CBE's refusal was improper.

*First*, CBE provided no explanation on how it calculated that the Plaintiff exceeded 25 interrogatories, so there was no context for CBE's analysis as to whether CBE may have asserted legitimate objections or not.

*Second*, as detailed in Plaintiff's March 21, 2017 Email to Mr. Bonds, FRCP Rule 33 provides that:

> [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. The Advisory Committee Notes to the 1993 Amendments to the Rule, state, in part, that: "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

As several courts have explained, interrogatory subparts are to be counted as one interrogatory "if they are logically or factually subsumed within and necessarily related to the primary question,"[19] as is the case here.  As illustrated

---

[18] See CBE's Responses to Interrogatories 13-22, attached as **Exhibit "5a"**.

[19] *Safeco of America v. Rawstrom, 181 F.R.D. 441, 445 (C.D. Cal. 1998)* (citing

below, each of the subparts included in Plaintiff's interrogatories 1 through 22 were logically connected and inextricable from the lead question.   Indeed, the interrogatories could very well have been written as one sentence; but for clarity were broken apart into subparts.

***Third***, CBE's objections were impermissible.   When a party believes that another party has asked too many interrogatories, the party to which the discovery has been propounded should object to ***all interrogatories*** or file a ***motion for protective order***.   Defendant did neither.   The responding party should not answer some interrogatories and object to the ones to which it does not want to respond as CBE did here.   By answering some and not answering others, the Defendant waived this objection.[20]

If a party believes that the numerical limitation has been exceeded it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer.   *Id.*

For the foregoing reasons, CBE should be compelled to respond to interrogatories 13-22.[21]

---

*Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 685 (D. Nev.1997)),*
[20] *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005).
[21] While LR 26-7(b) requires that "[a]ll motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it" since each interrogatory must be examined, the Plaintiff requests the Court incorporate **Exhibit "5a"**, so the entirety of all 22

**2. The Call Log Dispute: CBE Must Provide Its Call Logs and Other Discoverable Data In Searchable Format As Required by the Rules and the Scheduling Order**

CBE agreed to exchange discoverable materials in searchable format.  Given CBE's stonewalling, the Plaintiff may not be using the nomenclature CBE assigns to the documents provided with its initial disclosures.  However, there is little question that such information was derived from spreadsheet (based on a cursory examination of **CBE 0026 through CBE0045**).  Indeed, the documents appear to be on an Excel spreadsheet.

Plaintiff requests that CBE produce these documents in Excel or CSV format or, preferably, in native form, without limitation to any data which may be available from CBE's dialer or call records.  This is a TCPA matter and these records are *critical* to Plaintiff's claims.  They should not be withheld or produced in an obstructive manner.

**3. The MCA Dispute: CBE's Dialer Manuals Are a Centerpiece of This Litigation and Must Be Produced**

Throughout its Answer, CBE denies that it used an automated telephone dialing system ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) when it placed hundreds of unwanted collection calls to the Plaintiff.[22]  , CBE interposed throughout CBE's Responses objections that the Plaintiff's request for its

interrogatories and answers thereto (encompassing 9 pages) can be reviewed by reference, instead of inserted in the body of this motion.

[22] See, generally, ECF No. 5.

technology and phone manuals are "irrelevant and not proportional to the needs of this case" and contain "trade secret, confidential and proprietary information." However, CBE chose not to circulate a protective order as contemplated under the scheduling order[23]; nor did CBE provide any of the requested documentation even after the Plaintiff narrowed the requests in the M&C Email.[24]

In *Strauss v. CBE Group, Inc.*[25] the Court discussed CBE's MCA clicker technology, the same technology CBE asserts it used while placing hundreds of collection calls to the Plaintiff, since the calls occurred during the same time-period while CBE was utilizing the MCA dialing technology (as in *Strauss*).

CBE will likely argue that it prevailed in *Strauss*, so producing the MCA manuals is an exercise in futility since (CBE will argue) the Plaintiff's TCPA claims have no merit. However, Nevada has not ruled on CBE's MCA Clicker application and dialing system and the Plaintiff should be afforded an opportunity to put the MCA technology into the hands of an expert of her choosing to make his or her own determinations (as well this Court).

Lastly, no doubt the MCA manual is easy for CBE to produce, since CBE has done so in other litigation. There is therefore no basis for CBE to withhold the MCA manuals. Indeed, its production is responsive to numerous production requests (as set forth in the M&C Email) as follows:

---

[23] See ECF No. 10, ¶¶ 13-23.
[24] The M&C Email tailored responsive production to the MCA Manual and a copy of CBE's Patents for its ATDS.
[25] 2016 U.S. Dist. LEXIS 57659 (S.D.Fl. January 20, 2016).

1.   Any and all documents identified in Response to all sets of Plaintiff's Interrogatories, Request for Admissions, and Requests for Statements.

**RESPONSE:** Defendant objects to this request as overly broad and unduly burdensome. Without waiving said objection Defendant states see CBE 0001-0054 and CBE 0090-0096 produced with its Initial Disclosures.

2.   Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas:
   a. Collection policies;
   b. Collection procedures;
   c. Collection methods;
   d. Collection techniques;
   e. Collection tactics;
   f. Collection rules;
   g. Collection regulations; and
   h. Compliance with local, state, or federal laws, codes, or regulations.

. . .

. . .

. . . .

**RESPONSE:** Defendant objects to this request as it is overbroad and not reasonably limited in time or scope. Defendant objects to this request as a fishing expedition meant to annoy and harass Defendant. Defendant objects to this request as it is vague and unduly burdensome. Defendant objects to this request to the extent it seeks attorney/client communications and/or attorney work product. Defendant objects to this request as it seeks trade secret, confidential and proprietary information. Defendant objects to this request as irrelevant to the claims made and defenses raised, and not proportional to the needs of this case. Defendant is withholding documents responsive to this request.

3.     Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or supervised by Defendants.

**RESPONSE:** Defendant objects to this request as it is overbroad and not reasonably limited in time or scope. Defendant objects to this request as a fishing expedition meant to annoy and harass Defendant. Defendant objects to this request as it seeks trade secret, confidential and proprietary information. Defendant objects to this request as irrelevant and not proportional to the needs of this case. Defendant is withholding documents responsive to this request.

4.     Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts.

**RESPONSE:** Defendant objects to this request as it is overbroad and not reasonably limited in time or scope. Defendant objects to this request as a fishing expedition meant to annoy and harass Defendant. Defendant objects to this request as it is overbroad, vague and unduly burdensome. Defendant objects to this request as it seeks trade secret, confidential and proprietary information. Defendant objects to this request as irrelevant and not proportional to the needs of this case. Defendant is withholding documents responsive to this request.

7.     Any and all documents relied upon by the Defendant for any of its Defenses or Affirmative Defenses raised in its answer to the complaint.

**RESPONSE:** Defendant objects to this request as overly broad, vague and ambiguous. Defendant objects to this request as it seeks attorney work product, documents prepared in anticipation of litigation, and attorney/client communications. Without waiving said objections see CBE 0001-0054 produced with Defendant's Initial Disclosures.

9.      Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant to collect debts, which include any Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff.   PLEASE PRODUCE THESE ITEMS IN THEIR NATIVE, READABLE, ELECTRONIC, AND SEARCHABLE FORMAT.

**RESPONSE:**   Defendant objects to this request as overbroad and unduly burdensome. Defendant objects to this request as vague.  Defendant objects to this request as irrelevant to the claims made and not proportional to the needs of this case.  Defendant objects to this request to the extent it calls for attorney/client communications and/or attorney work product.  Without waiving said objections see CBE 0001-0054 produced with Defendant's Initial Disclosures.

10.     A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

**RESPONSE:**   Defendant objects to this request as it is overbroad, vague and unduly burdensome. Defendant objects to this request as it seeks to require Defendant to create documents to respond to this request.  Defendant objects to this request as it seeks trade secret, confidential and proprietary information. Defendant objects to this request as irrelevant and not proportional to the needs of this case.  Defendant is withholding information responsive to this request.

14.     Any and all documents in the possession or control of the Defendant that are in any way relevant to the subject matter of the instant lawsuit.

RESPONSE:  Defendant objects to this request as overly broad and vague.  Defendant objects to this request to the extent it seeks attorney client communications and/or attorney work product. Defendant objects to this request because it is not reasonably limited in scope.  Without waiving said objections see CBE 0001-0054 and CBE 0090-0096 produced with Defendant's Initial Disclosures.

19.     Any and all documents relating and/or regarding YOUR policies and procedures used in conducting autodialing campaigns, or campaigns using an AUTOMATIC TELEPHONE DIALING SYSTEM, since four years prior the filing of this action to the date of responding to these document requests as relevant and proportional to the claims in this matter.

**RESPONSE:**   Defendant objects to this request as vague and ambiguous as Plaintiff's use of term "campaigns" is undefined.  Defendant objects to this request as confusing as "relevant and proportional" are subjective terms subject to various interpretations.   Without waiving said

objection, Defendant states it does not utilize an Automatic Telephone Dialing System and therefore has no documents responsive to this request.

20.     Any and all documents relating and/or regarding YOUR policies and procedures used in conducting autodialing campaigns, or campaigns using an artificial or prerecorded voice, since four years prior the filing of this action to the date of responding to these document requests as relevant and proportional to the claims in this matter.

**RESPONSE:**  Defendant objects to this request as vague and ambiguous as Plaintiff's use of term "campaigns" is undefined.  Defendant objects to this request as confusing as "relevant and proportional" are subjective terms subject to various interpretations.  Defendant objects to this request as it is not reasonably limited in time.  Defendant states it did not use an Automatic Telephone Dialing System to contact Plaintiff.

22.     All documents relating to YOUR use of an AUTOMATIC TELEPHONE DIALING SYSTEM as relevant and proportional to the claims in this matter.

**RESPONSE:**  Defendant states it did not utilize an Automatic Telephone Dialing System and therefore has no documents responsive to this request.

23.     All documents relating to YOUR use of a predictive dialer as relevant and proportional to the claims in this matter.

**RESPONSE:**  Defendant states it did not utilize a predictive dialer to dial Plaintiff's cell phone therefore it has no documents proportional to the claim in this matter in which to respond to this request.

25.     All documents relating to all software, software applications, software packages, software systems, and software programs that YOU used to make each telephone call to Plaintiff's cellular telephone as relevant and proportional to the claims in this matter.

**RESPONSE:**  Defendant objects to this request as overly broad, and unduly burdensome.  Defendant objects to this request as not reasonably limited in time.  Defendant objects to this request because it seeks confidential proprietary and trademark information.  Defendant is withholding documents responsive to this request.

26.     All documents relating to all software, software applications, software packages, software systems, and software programs that YOU used to make each telephone call to any phone regarding Plaintiff's account, including calls to third parties as relevant and proportional to the claims in this matter.

**RESPONSE:**  Defendant objects to this request as overly broad, and unduly burdensome.  Defendant objects to this request as not reasonably limited in time.  Defendant objects to this request because it seeks confidential proprietary and trademark information.  Defendant is withholding documents responsive to this request.

28.     Any and all operation manuals for telephones used to manually dial telephone numbers regarding Plaintiff's account as relevant and proportional to the claims in this matter.

**RESPONSE:** Defendant objects to this request as overly broad, and unduly burdensome. Defendant objects to this request as not reasonably limited in time.  Defendant objects to this request because it seeks confidential proprietary and trademark information.  Defendant is withholding documents responsive to this request.

31.     Any and all documents describing the means for determining methodology for initiating and invoking the telephone equipment and systems to make outgoing calls to accounts.

**RESPONSE:**  Defendant states it does not utilize an Automatic Telephone Dialing System and therefore has no documents responsive to this request.

32.     Any and all technical manuals, network architecture diagrams, booklets, guidelines and memoranda regarding marketing, collection, and/or telecommunications/dialing systems used since four years prior to the filing of the Complaint in this action.

**RESPONSE:**  Defendant objects to this request as overly broad, vague, and ambiguous. Defendant objects to this request as overreaching and oppressive. Defendant objects to this request as not reasonably limited in time.  Defendant objects to this request because it seeks confidential proprietary and trademark information.   Defendant is withholding documents responsive to this request.

**4.  The Collection Manual Disputes: CBE's Collection Conduct Is Squarely At Issue in this Matter and It Must Produce Its Training Manuals and Collection Manuals – Especially Because CBE has Claimed a "Bona Fide Error" ("BFE") Affirmative Defense**[26]

CBE is aware this matter involves the FDCPA and, indeed, has claimed the BFE Defense.  Part and parcel with this defense, is that CBE can insulate itself from FDCPA liability if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."[27] Accordingly, plaintiff  offered  to accept non-production of these documents as an admission that CBE has no collection licenses, policies and procedures in place, or

[26] See CBE's Answer, ECF No. 5, ¶ 90.
[27] 15 U.S.C. § 1692k(c).

16

any training programs, manuals or education materials it uses in the ordinary course of its business to train its debt collectors or engage in its debt collection operations.   While CBE took exception to this inference, it nonetheless advised that "it is the fact finder who would determine whether [CBE] lack[s] such documents."[28]   If CBE wants to assert this position then it should be barred from later introducing such documents.   Otherwise, CBE must produce the responsive documents consistent with the following production demands:

2.   Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas:
   a.   Collection policies;
   b.   Collection procedures;
   c.   Collection methods;
   d.   Collection techniques;
   e.   Collection tactics;
   f.   Collection rules;
   g.   Collection regulations; and
   h.   Compliance with local, state, or federal laws, codes, or regulations.

**RESPONSE:**  Defendant objects to this request as it is overbroad and not reasonably limited in time or scope.  Defendant objects to this request as a fishing expedition meant to annoy and harass Defendant.  Defendant objects to this request as it is vague and unduly burdensome. Defendant objects to this request to the extent it seeks attorney/client communications and/or attorney work product. Defendant objects to this request as it seeks trade secret, confidential and proprietary information. Defendant objects to this request as irrelevant to the claims made and defenses raised, and not proportional to the needs of this case.  Defendant is withholding documents responsive to this request.

3.   Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or supervised by Defendants.

**RESPONSE:**  Defendant objects to this request as it is overbroad and not reasonably limited in time or scope.  Defendant objects to this request as a fishing expedition meant to annoy and harass Defendant. Defendant objects to this request as it seeks trade secret, confidential and proprietary information. Defendant objects to this request as irrelevant and not proportional to the needs of this case.  Defendant is withholding documents responsive to this request.

---

[28] See **Exhibit "11"**.

17

6.      Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiff resides.

**RESPONSE:**  Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to this request as irrelevant to the claims made and not proportional to the needs of the case.  Defendant objects to this request because Plaintiff is requesting public record information which is equally accessible to both parties.  Without waiving said objections see CBE 0097.

13.     Any and all documents related to Defendants' disciplinary policy/policies for violating state and/or federal laws.

**RESPONSE:**  Defendant objects to this request as it is overbroad, overreaching, and is merely a fishing expedition to annoy and harass Defendant.   Defendant objects to this request because it is not reasonably limited in time.  Defendant objects to this request to the extent it seeks confidential trademark and proprietary information.   Defendant objects to this request as irrelevant and not proportional to the needs of the case.  Defendant states they are withholding documents responsive to this request.

14.     Any and all documents in the possession or control of the Defendant that are in any way relevant to the subject matter of the instant lawsuit.

RESPONSE: Defendant objects to this request as overly broad and vague.  Defendant objects to this request to the extent it seeks attorney client communications and/or attorney work product. Defendant objects to this request because it is not reasonably limited in scope.  Without waiving said objections see CBE 0001-0054 and CBE 0090-0096 produced with Defendant's Initial Disclosures.

36.     Any and all documents describing the call recording and reporting procedures for outgoing calls as relevant and proportional to the claims in this matter.

**RESPONSE:**  Defendant objects to this request as cumulative of other requests and its sole intent is to annoy and harass Defendant.    Defendant objects to this request as overly broad, vague, and ambiguous. Defendant objects to this request as overreaching and oppressive. Defendant objects to this request as not reasonably limited in time or scope.  Defendant objects to this request because it seeks confidential proprietary and trademark information.  Defendant is withholding documents responsive to this request.

37.     A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

**RESPONSE:** Defendant objects to this request as a duplicate of Request for Production No. 10. Defendant objects to this request as it is overbroad, vague and unduly burdensome. Defendant objects to this request as it seeks to require Defendant to create documents to respond to this request. Defendant objects to this request as it seeks trade secret, confidential and proprietary information. Defendant objects to this request as irrelevant and not proportional to the needs of this case. Defendant is withholding information responsive to this request.

## A. CBE SHOULD BE COMPELLED TO RESPOND TO THE DEFICIENT DISCOVERY

Under the Federal Rules of Civil Procedure a party may discover any nonprivileged matters which are relevant to the subject matter of any claim or defense at issue "proportional to the needs of the case".[29]

"Information within this scope of discovery need not be admissible in evidence to be discoverable."[30]  "A party is allowed to fully explore the facts so as to permit a reasoned, informed presentation of its proof at trial."[31]

"Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation . . ."[32]  A party may move for an order compelling discovery where a party fails to respond as requested under Fed. R. Civ. P. 33 or 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Pursuant to Federal Rule of Civil Procedure 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[33] Therefore, CBE should be compelled to respond to the discovery requested herein.

---

[29] Fed.R.Civ.P. 26(b)(1).

[30] *Id.*; *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Hickman v. Taylor*, 329 U.S. 495, 501 (1947); *Dabney v. Montgomery Ward & Co., Inc.*, 761 F.2d 494, 499 (8th Cir. 1985).

[31] ." *In re Control Data Corporation Securities Litigation*, 1988 WL 92085 *2 (D.Minn. 1988).

[32] *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

[33] *USF Ins. Co. v. Smith's Food & Drug Ctr., Inc.*, 2:l0-CV-001513-RLH-L, 2011 WL 2457655 (D. Nev. June 16, 2011).

## B. CBE SHOULD BE REQUIRED TO PAY PLAINTIFF'S REASONABLE EXPENSES, INCLUDING ATTORNEY'S FEES, INCURRED IN MAKING THIS MOTION

Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Accordingly, Rule 37(a)(5)(A) requires that the party failing to disclose or respond to discovery requests pay the moving party its reasonable expenses incurred in making the motion, including attorney's fees, unless the motion was made without a good faith effort to obtain that discovery without court action, or that such failure was substantially justified or other circumstances exist making such an award unjust.[34] Therefore, CBE should be ordered to pay Plaintiff for its attorney fees and costs in bringing the subject motion.

### a. Plaintiff Made a Good Faith Effort to Obtain the Requested Discovery without Court Action.

As detailed above and as required by Rule 26-7, Plaintiff's Counsel acted in good faith by contacting Defendant's counsel via email in an effort to avoid this

---

[34] See Fed.R.Civ.P. 37(a)(5)(A).

Motion and seek resolution of the pending discovery issues.[35]   However, despite Plaintiff's Counsel's attempts to meet and confer with Mr. Bonds, Mr. Bonds chose not to hold an M&C and instead instructed Plaintiff's counsel to press forward with this motion.[36]   Considering the outstanding discovery disputes, it is unreasonable for CBE to stonewall the Plaintiff from obtaining case critical discovery, which Plaintiff's counsel narrowed down to avoid filing this motion.

**b.  CBE's Failure To Respond Was Not Substantially Justified.**

CBE's failure to appropriately and adequately respond to Plaintiff's discovery requests was not substantially justified. Plaintiff's requests were relevant to the claims and defenses raised in this case. Defendant has not produced a single document subsequent to its initial disclosures and through its evasions dodged complete interrogatory responses.

CBE was invited to engage in a full and frank discussion of the outstanding discovery disputes, however, it instead decided to "take his chances" and encouraged Plaintiff bringing  this motion.

**c.  No Other Circumstances Exist that would make an Award of Expenses Unjust.**

Plaintiff attempted to confer with Opposing Counsel as to the outstanding discovery disputes.[37]   CBE failed to provide responses to Plaintiff's discovery

---

[35] *See* **Exhibit "1"** at ¶¶ 4-7.
[36] *Id.*
[37] *Id..*

21

requests.[38]   Despite Plaintiff's Counsel's best efforts to accommodate CBE and meet and confer regarding the discovery disputes, CBE failed to participate in the discovery process as required by the local and federal rules. Accordingly, there are no circumstances that would make an award of expenses unjust.

## C. REQUEST FOR EXTENSION OF DISCOVERY

Given the instant discovery dispute, the Plaintiff has been unable to obtain sufficient information to:

- Take a 30(b)(6) deposition
- Discuss the evidence and call technology with an expert
- Determine what other discovery/depositions may be needed in this matter.

Accordingly, the Plaintiff incorporates the foregoing and requests that the Court provide an extension of the following timelines (as appropriate) pursuant to LR IA 6-1, so that Plaintiff has sufficient time to complete discovery and is not prejudiced by CBE's delays and improper tactics.

## D. CONCLUSION

CBE's refusal to produce the above detailed discovery evidences a willful disregard of CBE's discovery obligations under the Federal Rules.   All of the above-requested information and documents are necessary to the litigation of this case and cannot be obtained by other means.

…

---

[38] *Id.*; *See* **Exhibits "5a", "5b" and "11"**

Accordingly, Plaintiff requests that this Motion be granted in its entirety, the scheduling order be modified to extend deadlines, and Defendant be ordered to pay Plaintiff's reasonable expenses including attorney's fees, incurred in filing this Motion as well as any other sanctions this Court finds appropriate.

Dated: April 1, 2017

Respectfully submitted,

BY: /s/ DAVID KRIEGER
DAVID KRIEGER, ESQ.
HAINES & KRIEGER, LLC
ATTORNEY FOR PLAINTIFF

23

1

**PROOF OF SERVICE**

2

      I am a resident of the State of Nevada, over the age of eighteen years, and not a party to

3

the within action.  My business address is Haines & Krieger, LLC, 8985 S. Eastern Avenue, Suite 350, Henderson, Nevada.  On April 1, 2017, I served the herein described document(s):

4

5

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM THE CBE GROUP, INC. AND REQUEST FOR SANCTIONS; AND REQUEST FOR AN EXTENSION OF CURRENT DISCOVERY DEADLINES**

6

7

    ☒       E-MAIL - by attaching the document(s) listed above to an email and sending via the net to the email addresses listed below:

8

      Kurt Bonds: kbonds@alversontaylor.com

9

10

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  If applicable, under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

11

12

13

      I declare under penalty of perjury under the laws of the State of Nevada and the United States that the above is true and correct.  Executed on April 1, 2017 at Henderson, Nevada.

14

15

                                    */s/ David H. Krieger*

16

    David H. Krieger

17

18

19

20

21

22

23

24

25

26

27

28

24