UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GRETTA MARSHALL,<br><br>          Plaintiff(s),<br><br>vs.<br><br>THE CBE GROUP, INC.,<br><br>          Defendant(s). | Case No. 2:16-cv-02406-GMN-NJK<br><br>ORDER DENYING MOTION TO COMPEL<br><br>(Docket No. 14) |

Pending before the Court is Plaintiffs' motion to compel. Docket No. 14. For the reasons discussed more fully below, the motion is hereby **DENIED** without prejudice.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before

filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1145.

The pending motion is supported by a certification that counsel conferred on multiple occasions regarding the underlying disputes. *See* Docket No. 14-1 at ¶ 4. In particular, the certification identifies various written correspondences sent to Defendants. *Id.* at ¶¶ 14-17. The certification does not identify any personal consultation, however, and it appears instead that counsel chose to forego that personal consultation. *See* Docket No. 14-14. As such, the motion to compel is not properly before the Court. *See, e.g.*, Local Rule IA 1-3(f) (meet-and-confer requirements "may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement").

---

[1] These requirements are now largely codified in the Court's local rules that became effective in 2016. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

1   For the reasons discussed more fully above, the motion to compel is **DENIED** without prejudice.

2   IT IS SO ORDERED.

3   DATED: April 3, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge