**ALVERSON, TAYLOR, MORTENSEN & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
7401 W. Charleston Boulevard
Las Vegas, NV 89117
(702) 384-7000
efile@alversontaylor.com
Attorney for Defendant The CBE Group, Inc. d/b/a CBE Group

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

-*-

| | |
|---|---|
| GRETTA MARSHALL, <br><br> Plaintiff, <br><br> vs. <br><br> THE CBE GROUP, INC. d/b/a CBE GROUP <br><br> Defendant. | CASE NO.: 2:16-cv-02406-GMN-NJK |

## **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This Confidentiality Agreement and Protective Order (this "Agreement"), dated as of April 13, 2017, is entered into by and between Defendant The CBE Group, Inc. ("CBE") and Plaintiff Gretta Marshall ("Marshall"). CBE and Marshall are referred to in this Agreement individually as a "Party" and collectively as the "Parties."

WHEREAS, Marshall instituted the above-captioned action against CBE in the United States District Court for the District of Nevada (the "Court"), Case No. 2:16-cv-02406-GMN-NJK, asserting claims for violations of the Telephone Consumer Protection Act, § 47 U.S.C. 227 et seq. and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "Action"); and

WHEREAS, disclosure and discovery activity in the Action are likely to involve the production of confidential, proprietary, or private information for which special protection from

public disclosure and from use for any purpose other than prosecuting the Action and potential settlement thereof would be warranted; and

WHEREAS, by this Agreement, the Parties seek to facilitate the exchange, submission, and use of documents and information, while preserving and maintaining the confidentiality of any trade secrets or other confidential or proprietary information contained in the documents and information exchanged, submitted, and/or used in connection with the Action.

NOW THEREFORE, the Parties, by and through their respective counsel, and intending to be legally bound, hereby acknowledge and agree that:

1. In this Agreement, the Parties use the term "document" in its broadest sense, including without limitation, agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; voice mail; electronic mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form.

The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other

information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

2. A Receiving Party is a Party that receives materials from a Producing Party.

3. A Producing Party is a Party or non-party that produces materials in this Action.

4. A Designating Party is a Party or non-party that designates information or items that it produces or discloses as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

5. "Confidential Information or Items" shall be limited to those materials that a Producing Party believes in good faith to be trade secrets or other confidential or proprietary information, including, but not limited to, sensitive business and financial information.

6. "Highly Confidential – Attorneys' Eyes Only Information or Items" shall be limited to particularly sensitive Confidential Information or Items, the disclosure of which would create a risk of competitive or business injury to the Producing Party.

7. Protected Material shall mean any materials disclosed during the course of discovery, settlement negotiations, or otherwise in connection with the Action, that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

8. While the Parties are free to designate Protected Material as they deem appropriate under this Agreement, they anticipate that most of the Protected Material produced by any one or all of them will be designated as "Confidential" and that they will attempt to limit the need to designate Protected Material as "Highly Confidential – Attorneys' Eyes Only."

9. The protections conferred by this Agreement cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in front of the Court or in other settings that might reveal Protected Material.

10. Designation in conformity with this Agreement requires:

KB/24341

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other prehearing or hearing proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page that contains Protected Material, except that on briefs or other filings referencing Protected Material in the text of the filing, the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" may appear only on the first page of the filing.

(b) <u>For information produced in some form other than documentary</u>, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

11. Protected Material and the information contained therein shall be treated as confidential and shall not be disclosed or used for any purpose except in connection with the prosecution, defense, or settlement of the Action and any subsequent appeal.

12. Except upon the prior written consent of the Producing Party or the Party that is the subject of the information, upon an order of the Court, or upon the order of a court of competent jurisdiction, the Protected Material which is designated as "Highly Confidential – For Attorneys' Eyes Only" shall not be produced, shown, disseminated, discussed, or disclosed except to the following persons:

(a) Counsel of record in the Action, other attorneys at counsel of record's law firm, and any other attorneys engaged in connection with the Action;

(b) Employees and paralegals for the attorneys identified above in Subparagraph 13(a), who assist counsel in connection with the Action;

(c) Outside experts and consultants retained by any Party or its counsel in good faith in connection with the Action;

KB/24341

(d) Current employees or agents of the Party that produced the Protected Material;

(e) Witnesses, to the extent such disclosure is reasonably necessary to prepare the witness or present testimony or cross-examination, but limited to documents identified as trial exhibits, and provided that the witness executes the Declaration attached hereto marked as Exhibit 1;

(f) Stenographic reporters engaged in connection with the Action;

(g) Employees of outside copy services used to make copies of Protected Material; and

(h) The Court and its staff, or the judge and staff of another court of competent jurisdiction.

13. Except upon the prior written consent of the Producing Party and the Party that is the subject of the information, upon an order of the Court, or upon the order of another court of competent jurisdiction, the Protected Material or information contained therein which is designated as "Confidential" and which is not also designated as "Highly Confidential – For Attorneys' Eyes Only" may be produced, shown, disseminated, discussed, or disclosed only to the following persons:

(a) Those persons identified in Subparagraphs (a) through (h) of Paragraph 13 above; and

(b) Individually-named parties to the Action and/or senior employees or officers of the Receiving Party, to the extent such disclosure is actually and reasonably necessary for the prosecution, defense, and/or settlement of this action.

14. Before receiving access to any of the Protected Material that is produced or otherwise disclosed by an opposing Party, each person described in Subparagraphs 13(c), 13(e), and 14(b) above shall be advised of the terms of this Agreement, shall be given a copy of this Agreement, and shall agree in writing to be bound by its terms by signing a Declaration in the form attached as

KB/24341

Exhibit 1. If such person does not agree to be bound by this Agreement, disclosure of Protected Material is prohibited, absent an order of the Court.

15. A Party may object to the designation of particular Protected Material or the information contained therein as "Confidential" or "Highly Confidential – For Attorneys' Eyes Only" by giving written notice to the Producing Party designating such Protected Material. If the status of the Protected Material or information cannot be mutually resolved within seven (7) days after receipt of the notice, it shall be the obligation of the Receiving Party to file an appropriate application requesting that the Court rule that the disputed Protected Material was improperly designated as Protected Material. The Parties agree that the Court shall have the authority to issue rulings on such applications. Disputed Protected Material or information shall remain "Confidential" or "Highly Confidential – For Attorneys' Eyes Only" as designated under the terms of this Agreement unless and until the Court provides a contrary written ruling.

16. To the extent that a Party seeks to use any Protected Material, or information contained therein, produced by the other Party or a third party, in any filing with the Court, the filing Party must also apply to have any such documents and information sealed or otherwise protected from public disclosure.

17. To the extent that Protected Material, or information contained therein, is used during a hearing, such documents or information shall remain subject to the provisions of this Agreement. Such documents are to be maintained under seal or otherwise free from public disclosure by any stenographic or court reporter. With respect to any hearing transcript, the producing Party may, on the record or within thirty (30) calendar days after receipt of the transcript, designate portions of the transcript as "Confidential" or "Highly Confidential – For Attorneys' Eyes Only," as applicable.

18. Within sixty (60) calendar days after final conclusion of the Action, and any appeals, each Party or its counsel, as applicable, shall destroy, as applicable, the Protected Material and all

copies of those documents in the possession, custody, or control of the Party, its counsel, his or her clients, and all consulting and testifying experts. Each Party or its counsel, as applicable, upon written request of the producing Party shall certify in writing that all such documents and copies thereof have been destroyed.

19. The terms of this Agreement may be modified only in writing signed by all Parties, or by counsel on behalf of their respective clients.

20. This Agreement shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

21. This Court shall the authority to enforce this Agreement.

22. In the event of inadvertent disclosure to a Party of any document that is subject to a legitimate claim that the document should have been marked "Confidential" or "Highly Confidential – For Attorneys' Eyes Only" at the time it was produced, the disclosure of such document shall not affect the right of designating other Protected Material as "Confidential" or "Highly Confidential – For Attorneys' Eyes Only," even though such documents or information may relate to the same transaction or subject matter as the document inadvertently disclosed.

23. Each person to whom Protected Material is exhibited and/or the information contained therein is disclosed hereby submits himself or herself to the jurisdiction of the Court, and any other appropriate court of competent jurisdiction, over his or her person, wherever he or she shall be, for the enforcement of this Agreement.

24. In the event any provision of this Agreement shall be held to be illegal, unenforceable, or inoperative as a matter of law, the remaining provisions shall remain in full force and effect unless such construction shall substantially frustrate the purpose and intent of this Agreement.

KB/24341

25. This Agreement may be executed by counsel for the Parties acting for, on behalf of, and with the express authorizations and approval of each of the Parties.

26. This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original. The exchange of copies of this Agreement and of signature pages by facsimile or electronic transmission will constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes. Signatures of the Parties transmitted by facsimile or electronic mail will be deemed to be their original signatures for all purposes.

27. Notwithstanding the foregoing, the Court expressly reserves its inherent power to modify the terms of this Agreement and permit the disclosure of information where the interest of justice so requires.

WHEREFORE, the undersigned have executed this Agreement for, on behalf of, and with the express authorization and approval of the Parties.

SO ORDERED April 18 _____, 2017

_____
United States Magistrate Judge

N:\kurt.grp\CLIENTS\24300\24341\pleading\Protective Order.doc