ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE AKERLY MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631
Counsel For Defendant The CBE Group, Inc.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| GRETTA MARSHALL,<br><br>                        Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC.,<br><br>                        Defendant. | Case No.: 2:16-cv-02406-GMN-NJK<br><br>**DEFENDANT THE CBE GROUP, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE AND MOTION TO STRIKE** |

TO THE HONORABLE JUDGE OF SAID COURT:

   COMES NOW, Defendant The CBE Group, Inc. ("CBE"), and files its Reply to Plaintiff's Response to Defendant's Motion to Exclude the Expert Report and Testimony of Plaintiff's Expert Randall Snyder and Motion to Strike the Declarations of Randall Snyder ("Motion"), and respectively shows unto this Court the following:

### I. Introduction

1.   Plaintiff has sought to designate Randall Snyder ("Snyder") as an expert in this case to provide expert testimony about Defendant's Manual Clicker Application ("MCA"). Snyder claims that the MCA and the LiveVox system it is connected to constitutes and Automatic Telephone Dialing System. A court already examined the MCA—including

expert testimony from an expert witness[1]—and held, as a matter of law, that the MCA is not an ATDS. *Strauss v. CBE Group, Inc.*, 173 F. Supp. 3d 1302, 1310-11 (S.D. Fla. 2016); *see Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 447 (9th Cir. 1992) (stating that matters of law are for the court's determination and inappropriate subjects for expert testimony). Despite this, Plaintiff seeks to have the MCA declared an ATDS by muddling the issue with the "expert" testimony of Snyder. In effect, Plaintiff would have this Court substitute the legal conclusions of the District Court in *Strauss* for the improper legal conclusions of Snyder. Even worse, Snyder never examined the MCA or the LiveVox Fifth Cloud system that it is attached to. He testified at his deposition that had never reviewed LiveVox's Fifth Cloud system, which is what the MCA is connected to. Doc. 32-3 at 64; Doc. 32-5. He had never heard of the LiveVox Fifth Cloud that provides connectivity-pass through that allows the MCA to make phone calls. Plaintiff attempts to overcome these errors by citing to Snyder as proof that Snyder is qualified, while ignoring that the *Strauss* case shows Snyder is incorrect.

2. Plaintiff believes that Snyder's "30 years of experience in telecommunications work" qualifies him to offer expert testimony on the MCA, which he has never used or inspected, and on the LiveVox Fifth Cloud that he had never heard of. Plaintiff wants Snyder to offer testimony on something he does not actually understand and did not know even existed. Because Snyder does not know how the system works, has never used or inspected the system, and did not even know it existed, Snyder should be precluded from offering expert testimony and his designation as an expert witness should be struck.

## II. Arguments and Authorities

**A. This Court should exercise its discretion to consider the merits of the motion**

Plaintiff raised an issue about the meet and confer requirements of the Nevada Local Rules, and wants the Court to not consider Defendant's motion based on this supposed violation.

---

[1] The expert witness in *Strauss* is a different expert, named Jeffrey A. Hansen.

Doc. 48 at 5-7. Courts have the discretion to consider the motion even if there is a failure to conduct a meet and greet. *Mkhitaryan v. U.S. Bank, N.A.*, No. 2:11-CV-01055-JCM, 2013 WL 557275, at *5 (D. Nev. Feb. 12, 2013) (court considered the merits of Plaintiff's motion to strike and awarded Plaintiff reasonable fees despite failure to comply with meet and confer requirements); *Hernandez v. Creative Concepts*, No. 2:10-CV-02132-PMP, 2013 WL 419277, at *4-9 (D. Nev. Jan. 30, 2013) (granting in part and denying in part motion to strike expert witness despite lack of meet and confer). The Court should exercise that discretion in this case.

3.     Following Plaintiff's suggestion would be a waste of judicial resources. Defendant has shown that Snyder is not qualified to be an expert witness and should not be allowed to offer expert testimony. It seems highly unlikely Plaintiff would agree to strike the designation of the expert Plaintiff's entire case relies on. *See Feldman v. PokerTek, Inc.*, No. 2:09-CV-01598-JCM, 2011 WL 4543990, at *3 (D. Nev. Sept. 29, 2011) (failure to meet and confer not grounds to strike motion when it was "highly doubtful that a meet and confer would have led to a resolution of the issue"). Snyder's lack of qualifications to offer expert testimony is something that the Court is going to have to address. *See Liguori v. Hansen*, No. 2:11-CV-00492-GMN, 2012 WL 760747, at *11 (D. Nev. Mar. 6, 2012) (court exercised its discretion to address Plaintiffs' request despite lack of meet and confer because the "case need[ed] to move forward"). It is a better use of judicial resources to address it in response to Defendant's Motion to Strike rather than punt on the issue for the time being. This Court should consider Defendant's Motion to Strike on its merits, rather than saving the issue to be decided another day.

**B. Even if timely, Snyder's Supplemental Declaration should still be excluded**

4.     Rule 26(e) requires a party to supplement expert reports in certain situations. This occurs when the party or expert learns the information previously disclosed is incomplete or incorrect in some material respect. *See* Fed. R. Civ. P. 26(e); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953-54 (10th Cir. 2002). A supplemental expert report that "seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the

bounds of permissible supplementation and is subject to exclusion under Rule 37(c)." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006); *see Plumley v. Mockett,* 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) ("[A] supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion."); *see also Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003); *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998). The rule "prevents experts from 'lying in wait' to express new opinions at the last minute." *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005).

5.     Snyder comes to the exact same legal conclusion in both his Original Declaration and his Supplemental Declaration. He did not appear to correct anything in his Supplemental Declaration, and it is hard to say the Original Declaration was incomplete when he was capable of coming to the exact same conclusion in his Original Declaration as in his Supplemental Declaration. In fact, Plaintiff admits that he is "confirming his earlier suppositions." Doc. 48 at 13; *see id.* at 8. This is clearly an attempt to strengthen and deepen Snyder's opinion, which is not permissible supplementation of an expert report. *See Cook*, 580 F. Supp. 2d at 1169; *Plumley,* 836 F. Supp. 2d at 1062. Thus, this Court should strike Snyder's Supplemental Declaration as untimely and improper.

**C. Snyder is still not qualified to be an expert**

6.     Plaintiff has not shown that Snyder is qualified to be an expert. First, Plaintiff claims Defendant makes "short shift" [sic] of Snyder's "30 years of experience in telecommunications work." Doc. 48 at 10. Regardless of his experience with telecommunications, he has no experience with Defendant's MCA or the LiveVox Fifth Cloud system it connects to. Working in a field does not mean you are automatically qualified to offer expert testimony on anything in that field, much like how an automobile mechanic with thirty years expertise in internal combustion engines does not necessarily know how a new electric motor works. Similarly, a pediatric doctor would not be a proper expert witness in a case involving neurosurgery, no matter how many years of experience

the doctor has in the medical field. *See United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004) ("Of course, the unremarkable observation that an expert may be qualified by experience does not mean that experience, standing alone, is a sufficient foundation rendering reliable any conceivable opinion the expert may express."). Since Snyder has no knowledge or experience of the systems at issue in this case, he is not qualified to be an expert witness.

7.  Plaintiff's contentions regarding Defendant's Motion for Leave to File Supplemental Authority is incorrect. Doc. 48 at 10-11. In *Strauss*, the court held that Defendant's MCA—the same MCA at issue in this case—was not an ATDS. *Strauss*, 173 F. Supp. 3d at 1310-11. In ruling that the LiveVox HCI was not an ATDS, the court in *Pozo* found that the LiveVox HCI was "almost identical to [the MCA] used in *Strauss*." *Pozo v. Stellar Recovery Collection Agency, Inc.*, Case No. 8:15-cv-929-T-AEP, 2016 U.S. Dist. LEXIS 146432, at *10 (M.D. Fla. Sept. 2, 2016). The Supplemental Authority, *Arora v. Transworld Sys.*, No. 15-cv-4941, 2017 U.S. Dist. LEXIS 135240, at *1 (N.D. Ill. 2017), agreed that the LiveVox HCI was not an ATDS. Because it is so closely related—almost identical—Defendant sought to bring this to the Court's attention. Additionally, *Arora* supports the Motion to Strike by showing that others have tried to cherry pick testimony to make these almost identical systems into ATDS, but have been rejected by courts. This is exactly what Plaintiff is trying to do with Snyder. Defendant is not trying to "have it both ways" as Plaintiff claims. Doc. 48 at 11. Defendant is pointing the Court to established case law on the MCA, the same system at issue in this case, and the LiveVox HCI, which is "almost identical" to the MCA, all of which establish that the MCA is not an ATDS. Plaintiff does not direct the Court to any cases holding otherwise.

8.  Next, Plaintiff—who has twice[2] called her own expert the wrong name—takes issue with terminology used by Defendant, as if that somehow makes Snyder an expert on the

---

[2] Doc. 48 at 4; Doc. 33 at 2.

MCA. Doc. 48 at 11-12. How Defendant or LiveVox refer to the LiveVox Fifth Cloud system or what term they used does not impart any qualifications on Snyder. Plaintiff then complains of the term "Fifth Cloud" and claims it is a newly invented term, yet Snyder was asked twice about a Fifth Cloud system at his deposition. Doc. 32-3 at 23, 64. The failure of Plaintiff's counsel to follow up on this at the LiveVox deposition does not reflect negatively on Defendant. Rather, it shows that Plaintiff and Snyder do not actually understand how the MCA works.

9. *Legg* is not the only case in which Snyder's "expert opinion" has been criticized. *See Dominguez v. Yahoo!, Inc.*, 8 F. Supp. 3d 637, 643 n.6 (E.D. Pa. 2014), *reversed on other grounds*, *Dominguez v. Yahoo, Inc.*, 629 Fed. Appx. 369 (3rd Cir. 2015) ("Mr. Snyder's Declaration reflects a misunderstanding of the statutory requirements."); *Johnson v. Yahoo!, Inc.*, No. 14 CV 2028, 2014 WL 7005102, at *5 (N.D. Ill. Dec. 11, 2014) (finding Snyder's opinions to be legal conclusions in disguise). The *Legg* case is notable because in that case, just as in this case, Snyder never actually examined the system or software in question. *Legg v. Voice Media Grp., Inc.*, No. 13-62044-CIV-COHN, 2014 WL 1767097, at *5 (S.D. Fla. May 2, 2014). Even then, regardless of whatever additional discovery Snyder attempts to rely on in this case, his opinion is still full of gaps filled only with Snyder's speculation. *See id.* Plaintiff then relies on *Strauss* as grounds to admit Snyder's testimony while entirely ignoring that—even after considering the testimony of the expert witness—the court found that the MCA was not an ATDS. *Strauss*, 173 F. Supp. 3d at 1310-11; Doc. 48 at 12.

**D. Snyder's testimony is still not reliable**

10. Plaintiff, who cherry picked Stark's deposition in an attempt to invent an ATDS in this case, now accuses Defendant of doing the same thing. Plaintiff claims Defendant took "portions of answer out of context" despite the fact that Defendant supplied the entirety of the answer to the court. Doc. 48 at 15; Doc 32-3 at 74. The cited portion not actually

attached[3] was quoted in the motion, and Plaintiff has not and cannot raise any arguments that it is inaccurate. Plaintiff's criticisms are unfounded, and do nothing to establish that Snyder is qualified or reliable enough to offer expert testimony in this case.

11.     Plaintiff's explanation of the disposition codes shows the unreliability of Snyder's testimony. Doc. 48 at 15. The sections cited by Plaintiff, ¶¶ 77-80 of Snyder's Supplemental Declaration, already operate on the faulty conclusion that there is an automatic dialing system at work. It then goes on to show how these codes work with the automatic dialing system. Since there is no automatic dialing system, Snyder's testimony, based on his own faulty legal conclusion, cannot be reliable. Plaintiff cannot show Snyder's testimony is reliable because it starts, from the beginning, with an impermissible and incorrect legal conclusion that Defendant used an ATDS, and then builds on that.

**E. Snyder's "opinions" absolutely are legal conclusions**

12.     Plaintiff defies logic when she claims that Snyder's "opinions" are not legal conclusions.[4] Doc. 48 at 16. In the 9th Circuit, an ATDS is defined as equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. *Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 951 (9th Cir. 2009). Snyder stated in his declaration "CBE utilized equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or from a list or database of numbers, and to dial such numbers without human intervention." Doc. 32-4 at 8-9 ¶ 13; *see also id.* at 7-8 ¶ 9. This is a legal conclusion that the MCA was or used an ATDS. *See Dominguez v. Yahoo, Inc.,* 629 F. App'x 369, 373 (3d Cir. 2015) (the "restating of the statutory definition amount[s] to nothing more than a legal conclusion couched as a factual assertion . . . ."). He states that "the LiveVox system

---

[3] An admitted mistake. The correct citations is Snyder Deposition at 20:20-21:6. If either the Court or the Plaintiff would like, Defendant is willing to file the entirety of the deposition. As Plaintiff has not disputed the quoted portion as inaccurate or mischaracterized, Defendant does not believe this is necessary.

[4] Ironically, Plaintiff would have this Court ignore the legal conclusions made, as a matter of law, by highly qualified District Judges finding that the MCA and the closely related LiveVox HCI systems are not ATDS in favor of Snyder's unqualified and baseless legal conclusions.

is equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or from a list or database of numbers, and to dial such numbers without human intervention." *Id.* at 43 ¶ 96, 54-55 ¶ 129. This is a legal conclusion that LiveVox is or used an ATDS. *See Dominguez*, 629 F. App'x at 373. This is reinforced by the fact that Snyder repeatedly refers to "the LiveVox automatic telephone dialing system." *E.g.*, *id.* ¶¶ 97, 106, 116, 130. Snyder cannot state the legal definition of an ATDS, call the system an ATDS, and then claim this is not a legal conclusion that the system is an ATDS. Plaintiff can call them "opinions" all she wants but this does not stop them from being legal conclusions. More so, Snyder's list of "leading secondary sources" is a selection of FCC rulings, the TCPA statute, and a court case, all of which reinforces the idea that Snyder is making legal conclusions. Even in the *Johnson* case, which Plaintiff cited in support of Snyder as an expert witness, the court agreed that "Snyder's expert opinions are legal opinions in disguise." *Johnson*, 2014 WL 7005102, at *5. These improper legal conclusions should not be considered or allowed.

13.     Plaintiff's next argument is likewise illogical. Defendant is not concerned that Snyder's testimony both hews too close to legal definitions but also strays outside those definitions. Doc. 48. Defendant has rightfully and correctly raised the point that Snyder makes improper legal conclusions, and that his definition of an ATDS that he makes this legal conclusions on is incorrect. Plaintiff's contentions regarding landlines or other forms of telecommunication equipment is entirely irrelevant to the issues raised. What is relevant is that, in his making improper legal conclusions, he also improperly expanded the definition of an ATDS.

14.     Finally, Plaintiff attempts to make Snyder vital to this case by trying to make determining whether the MCA is an ATDS an issue too complex to be submitted to a jury without Snyder's testimony.  Yet the MCA has already been determined to not be an ATDS despite an "expert witness" saying otherwise. *Strauss*, 173 F. Supp. 3d at 1310-11. The closely related, almost identical LiveVox HCI systems have repeated been held not to be an ATDS. *Smith v. Stellar Recovery, Inc.*, No. 15-CV-11717, 2017 WL 1336075, at *6

(E.D. Mich. Feb. 7, 2017), *report and recommendation adopted,* No. 2:15-CV-11717, 2017 WL 955128 (E.D. Mich. Mar. 13, 2017), *reconsideration denied,* No. 2:15-CV-11717, 2017 WL 1362794 (E.D. Mich. Mar. 29, 2017) ("When the HCI system is in use, human intervention—the function of the clicker agents—is clearly required."); *Arora v. Transworld Sys.*, No. 15-cv-4941, 2017 U.S. Dist. LEXIS 135240, at *1 (N.D. Ill. 2017) ("Because all calls from TSI were made with human intervention, and not with an ATDS, Arora's TCPA claim fails as a matter of law."); *Schlusselberg v. Receivables Performance Mgmt., LLC*, No. 15-7572(FLW), 2017 U.S. Dist. LEXIS 100710, at *8 (D.N.J. 2017) ("I find that the inclusion of human operation in the HCI system does not allow the system itself to 'produce telephone numbers to be called, using a random or sequential number generator.'"). Snyder's improper "assistance" is not needed in this case.

### III. Conclusion

15. Plaintiff has not shown that Snyder is qualified to offer expert testimony in this case. Plaintiff does not offer any additional information to show that Snyder is qualified, instead choosing to rely on procedural grounds and supposed "flaws" in Defendant's motion. Plaintiff cannot hide that Snyder does not know how the MCA works. Plaintiff cannot hide that Snyder testified he had never heard of the LiveVox Fifth Cloud system that the MCA is connected to. Snyder cannot be qualified to testify as to something he had never heard of before. That Plaintiff did not follow up on this issue when Defendant's counsel asked Snyder about it is telling. The case law cited weighs against Plaintiff's incorrect belief that the MCA is an ATDS and against Snyder being qualified to offer expert testimony in this case. Additionally, his Supplemental Declaration is an impermissible attempt to strengthen his previous faulty conclusion. Because Snyder is not qualified to offer expert testimony on something he does not actually understand and have never heard of, this Court should preclude him from offering any expert testimony and strike his designation as an expert witness in this case.

1  Wherefore, Premises Considered, Defendant The CBE Group, Inc. respectfully
2  requests that this Court grant its Motion to Exclude and Motion to Strike, and for all other
3  relief entitled at law or in equity.

Respectfully submitted,

**MALONE AKERLY MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE AKERLY MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT THE CBE GROUP, INC.***

[CERTIFICATE OF SERVICE ON NEXT PAGE]

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record **via CM/ECF** on this 15th day of September, 2017.

| | |
|---|---|
| David H. Krieger, Esq. | Matthew I. Knepper |
| Haines & Krieger, LLC | Miles N. Clark |
| 8985 S. Eastern Ave., Suite 350 | Knepper & Clark, LLC |
| Henderson, NV 89123 | 10040 W. Cheyenne Ave. Suite 170-109 |
| dkrieger@hainesandkrieger.com | Las Vegas, NV 89129 |
| | matthew.knepper@knepperclark.com |
| | miles.clark@knepperclark.com |

    */s/* Robbie Malone
       ROBBIE MALONE