UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GRETTA MARSHALL,<br><br>                    Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC., D/B/A CBE GROUP,<br><br>                  Defendant. | Case No.: 16-CV-2406-GMN-NJK<br><br>**JOINT PRETRIAL ORDER** |

After pretrial proceedings in this case, IT IS ORDERED:

I.

This is an action for:

Plaintiff claims that The CBE Group ("CBE") violated the Fair Debt Collection Practices Act by calling her cell phone 189 times, including 10 times at her workplace, in violation of 15 U.S.C. § 1692d.  CBE is liable for actual damages under 15 U.S.C. § 1692k(a)(1), additional damages as the court may allow, up to $1,000, 15 U.S.C. § 1692k(a)(2)(A), and costs of the lawsuit and attorney's fees, 15 U.S.C. § 1691k(a)(3).

CBE denies that it violated any provisions of the FDCPA. CBE did not make any calls to Plaintiff with the intent to harass, oppress, or abuse Plaintiff. Plaintiff never identified herself during any phone calls, which prohibited CBE's employees from making any account as "do not call." Further, many of the calls complained of by Plaintiff are outside the statute of limitations for FDCPA claims. Any violation of the FDCPA, if any occurred, was the result of a bona fide error. Defendant further contends that any harm suffered by Plaintiff was proximately caused by Plaintiff, and/or was the

result of actions by a third party not under CBE's control, and that Plaintiff failed to mitigate her damages, if any.

II.

Statement of Jurisdiction:

This Court has federal question jurisdiction because this case arises out of violation of federal law, particularly defendant CBE's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"). 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

III.

The following facts are admitted by the parties and require no proof:

Plaintiff: None.

Defendant: CBE made phone calls to Plaintiff.

IV.

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

Plaintiff: None.

Defendant: None.

V.

The following issues of fact will be determined at trial:

Plaintiff: whether CBE caused Plaintiff's telephone to ring, or engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

The number of such calls;

The time of such calls;

The number dialed by each call;

Whether the number dialed went to Plaintiff's cell phone, workplace, or other;

Whether CBE continued making calls to Plaintiff after Plaintiff asked CBE to stop;

Whether CBE knew or should have known that Plaintiff did not owe the debt in question;

The amount of actual damages and statutory damages, if any, Plaintiff is entitled to; and

Whether the debt CBE attempted to collect was governed by the FDCPA.

Defendant: The amount of actual damages and statutory damages, if any, Plaintiff is entitled to.

Whether any violation was the result of a bona fide error.

Whether Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

Whether Plaintiff's damages, if any were pre-existing damages not caused by Defendant.

Whether Plaintiff has failed to mitigate damages if any.

Whether Plaintiff proximately caused his own damages, if any

Whether Plaintiff's damages, if any, were caused by a third party over which Defendant had no control.

VI.

The following are the issues of law to be to be tried and determined at trial:

Whether CBE violated 15 U.S.C. § 1692d of the FDCPA.

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

(1) Joint exhibits.

Accounts Notes, Bates No. CBE 1-25

Phone History, Bates No. CBE 1-46

Call Recordings, Bates No. CBE 90-96.

Policies and Procedures, Bates No. CBE 128-134

(2) Plaintiff's exhibits.

Debt Collection Letters, Bates No. CBE 47-53.

(b) As to the following additional exhibits, the parties have reached the stipulations stated:

None.

(c) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

None.

(d) Electronic evidence: [State whether the parties intent to present electronic evidence for purposes of jury deliberations.]

None.

(e) Depositions:

(1) Plaintiff may offer the following depositions:

Gretta Marshall for purposes of refreshing recollection.

Terry Johnson, if needed, for all purposes except as it relates to the Telephone Consumer Protection Act.

Almir Husic, if needed.

Kristina Nicolic, if needed.

Marc Scheel, if needed.

(2) Defendant will offer the following depositions:

Gretta Marshall, for purposes of impeachment.

Terry Johnson, if needed.

(f) Objections to Depositions:

Plaintiff: None.

Defendant:

Objections to Deposition of Kristina Nikolic

| Page and Line Numbers | Objection |
|---|---|
| 2:18-4:25 | Lack of relevance |
| 6:12-23 | Lack of Personal knowledge |
| 7:5-22 | Vague; Witness was not a 30(b)(6) witness |
| 7:23-10:4 | Vague and ambiguous; misstates witness' testimony |
| 11:8-12:1 | Outside scope of knowledge of witness, Witness was not a 30(b)(6) witness |
| 12:2-20 | Objections to questions regarding Manual Clicker Application, which is related to TCPA claim and not relevant to FDCPA claim |
| 21:2-18 | Not a 30(b)(6) witness |
| 23:13-23 | Vague and ambiguous; Incomplete hypothetical |
| 24:13-25:4 | Lack of relevance |
| 26:22:27-3 | Preliminary statements; lack of relevance |
| 28:6-14 | Calls for speculation |
| 29:3-10 | Calls for facts not in evidence |
| 29:1-32:25 | Lack of relevance |

Objections to Deposition of Mark Sheel:

| Page and Line Numbers | Objection |
|---|---|
| 2:1-5:7 | Lack of relevance |
| 7:7-8:2 | Preliminary statements, lack of relevance |
| 9:13-17 | Objection in record withdrawn |

| | |
|---|---|
| 11:9-15 | Objection in record withdrawn |
| 13:20-22 | Objection in record withdrawn |
| 15:12-17:5 | Sidebar |
| 147:23-18:2 | Sidebar |
| 18:7-20:16 | Relevance |
| 28:5-13 | Multifarious; Witness was not a 30(b)(6) witness |
| 30:4-32:14 | Lack of relevance |
| 33:6-23 | Lack of relevance, relates to TCPA claim |
| 34:13-25 | Attorney-client communication |
| 37:6-14 | Objection, Plaintiff's counsel withdrew question |
| 39:3-19 | Vague and ambiguous |
| 40:11-41:18 | Outside of the pleadings, not relevant to claims; lack of knowledge by witness |
| 41:19-43:6 | Lack of relevance |
| 44:16-45:1 | Sidebar |
| 46:23-48:13 | Lack of relevance; sidebar |
| 49:1-3 | Objection in record withdraw |
| 49:15 | Objection in record withdrawn |
| 49:23-25 | Objection in record withdrawn |
| 50:4-7 | Objection in record withdrawn |
| 52:17-22 | Objection in record withdrawn |
| 54:3-15 | Sidebar |
| 54:24-55:4 | Sidebar |
| 55:25-56:13 | Sidebar |
| 56:20-58:12 | Lack of relevance, related to TCPA claim |
| 58:14-59:10 | Sidebar; lack of relevance |

Objections to deposition of Almir Husic:

| Page and Line Numbers | Objection |
|---|---|
| 2:9-4:14 | Lack of relevance |
| 4:15-5:2 | Lack of relevance |
| 6:5-25 | Lack of relevance |
| 15:9-18:7 | Lack of relevance, related to TCPA claim |

6

| | |
|---|---|
| 22:21-24:9 | Lack of relevance, related to TCPA claim |
| 25:1-4 | Objection in record withdrawn |
| 25:18-22 | Sidebar |
| 26:9-23 | Incomplete hypothetical |
| 27:7-14 | Incomplete hypothetical |
| 27:15-23 | Calls for speculation |
| 28:2-12 | Incomplete hypothetical |
| 30:5-31:19 | Lack of relevance; prohibited under Fed. R. Evid. 409, related to other lawsuits |
| 31:20-32:8 | Sidebar |
| 32:16-35:3 | Related to TCPA case |
| 35:7-16 | Sidebar |

## VII.

The following witnesses may be called by the parties at trial:

(a) Provide names and addresses of plaintiff's witnesses.

Gretta Marshall

Plaintiff

c/o S David H. Krieger

Haines & Krieger, LLC

8985 S. Eastern Avenue

Suite 350

Henderson, NV 89123


Terry Johnson

c/o Robbie Malone

Malone Akerly Martin PLLC

8750 N. Central Expressway, Suite 1850

Dallas, TX  75231

7

16-CV-2406-GMN-NJK

1. Almir Husic[1]
2. c/o Robbie Malone
3. Malone Akerly Martin PLLC
4. 8750 N. Central Expressway, Suite 1850
5. Dallas, TX  75231
6. 
7. Kristina Nicolic
8. c/o Robbie Malone
9. Malone Akerly Martin PLLC
10. 8750 N. Central Expressway, Suite 1850
11. Dallas, TX  75231
12. 
13. March Scheel
14. c/o Robbie Malone
15. Malone Akerly Martin PLLC
16. 8750 N. Central Expressway, Suite 1850
17. Dallas, TX  75231
18. //
19. //
20. //
21. //
22. //
23. //
24. //
25. //

---

[1] Mr. Husic was not an employee of CBE at the time of his deposition, and may not presently be a CBE employee.

    (b) Provide names and addresses of defendant's witnesses.

    Gretta Marshall

    Plaintiff

    c/o David H. Krieger

    Haines & Krieger, LLC

    8985 S. Eastern Avenue

    Suite 350

    Henderson, NV 89123

    Terry Johnson

    c/o Robbie Malone

    Malone Akerly Martin PLLC

    8750 N. Central Expressway, Suite 1850

    Dallas, TX  75231

## VIII.

The attorneys or parties have met and jointly offer these three trial dates:

October 22-23, 2018

October 29-30, 2018

November 5-6, 2018

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar

//

//

//

//

//

IX.

It is estimated that the trial will take a total of two days.

APPROVED AS TO FORM AND CONTENT:

Dated: June 26, 2018

| **KNEPPER & CLARK LLC** | **MALONE AKERLY MARTIN PLLC** |
|---|---|
| /s/ Miles N. Clark <br> Matthew I. Knepper, Esq. <br> Nevada Bar No. 12796 <br> Miles N. Clark, Esq. <br> Nevada Bar No. 13848 <br> KNEPPER & CLARK LLC <br> 10040 W. Cheyenne Ave., Suite 170-109 <br> Las Vegas, NV 89129 <br> Phone: (702) 825-6060 <br> FAX: (702) 447-8048 <br> Email: matthew.knepper@knepperclark.com <br> Email: miles.clark@knepperclark.com <br><br> David H. Krieger, Esq. <br> Nevada Bar No. 9086 <br> HAINES & KRIEGER, LLC <br> 8985 S. Eastern Ave., Suite 350 <br> Henderson, NV 89123 <br> Phone: (702) 880-5554 <br> FAX: (702) 385-5518 <br> Email: dkrieger@hainesandkrieger.com <br> Counsel for Plaintiff | /s/ Robbie Malone <br> ROBBIE MALONE <br> State Bar No. 12876450 <br> Email: rmalone@mamlaw.com <br> EUGENE XERXES MARTIN, IV <br> State Bar No. 24078928 <br> Email: xmartin@mamlaw.com <br> **MALONE AKERLY MARTIN PLLC** <br> Northpark Central, Suite 1850 <br> 8750 North Central Expressway <br> Dallas, Texas 75231 <br> TEL: (214) 346-2630 <br> FAX: (214) 346-2631 <br><br> Counsel for the CBE Group, Inc. |

//
//
//
//
//
//

X.

ACTION BY THE COURT

This case is set for jury trial on the stacked calendar on Monday, October 29, 2018, at 8:30 a.m. in Courtroom 7D. Calendar call will be held on Tuesday, October 23, 2018, at 9:00 a.m. in Courtroom 7D.

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED: ____July 12, 2018_____.

_____

UNITED STATES DISTRICT JUDGE